**SEALED**

**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB - 2 2016
CLERK, U.S. DISTRICT COURT
By _____
   Deputy

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 3:14-CR-340-K |
| v. | (Supersedes indictments filed on September 4, 2014, June 3, 2015, and October 7, 2015) |
| AFRAYBEOM TRAVEROM JACKSON (1) <br> JOSHUA DEUNTE CALDWELL (2) <br> DOMINIQUE PEARSON (3) <br> IRVING TYRONE FLANAGAN (4) <br> LARRY SOLOMON (5) <br> HILTON MURDOCK AITCH (6) <br> TERRENCE LYNN THOMPSON (7) <br> ANTHONY RAY TURNER, JR. (8) <br> TREVEON DOMINIQUE ANDERSON (9) <br> MICHAEL CORNELIOUS (10) <br> XAVIER RASHAD ROSS (11) <br> VANLISA SCOTT (12) | **FILED UNDER SEAL** |

THIRD SUPERSEDING INDICTMENT

The Grand Jury charges:

Count One
Conspiracy to Interfere with Commerce by Robbery
(Violation of 18 U.S.C. § 1951(a))

On or about November 17, 2013, in the Dallas Division of the Northern District of Texas, **Afraybeom Traverom Jackson, Joshua Deunte Caldwell, Dominique Pearson, Irving Tyrone Flanagan, Larry Solomon, Hilton Murdock Aitch, Terrence Lynn Thompson, Anthony Ray Turner, Jr., Treveon Dominique Anderson, Michael Cornelious, Xavier Rashad Ross**, and **Vanlisa Scott**, the defendants, and persons known and unknown to the Grand Jury, did knowingly, intentionally and unlawfully combine, conspire, confederate, and agree together and with each other, to commit a

Third Superseding Indictment - Page 1

certain offense against the United States, to-wit: interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a), a crime of violence.

## OBJECT OF THE CONSPIRACY

The object of the conspiracy was to unlawfully take and obtain personal property, consisting of jewelry, from the persons and in the presence of the owners and employees of Tilak Jewelers, located at 8300 North MacArthur Boulevard, Suite 100, Irving, Texas, in their capacity as owners and employees, respectively, of Tilak Jewelers, and against their will by means of actual and threatened force, violence, and fear of immediate injury to their persons, that is, by using and brandishing a firearm.

## MANNER AND MEANS

It was part of the conspiracy that **Afraybeom Traverom Jackson** (hereafter "**Jackson**"), **Joshua Deunte Caldwell** (hereafter "**Caldwell**"), **Dominique Pearson** (hereafter "**Pearson**"), **Irving Tyrone Flanagan** (hereafter "**Flanagan**"), **Larry Solomon** (hereafter "**Solomon**"), **Hilton Murdock Aitch** (hereafter "**Aitch**"), **Terrence Lynn Thompson** (hereafter "**Thompson**"), **Anthony Ray Turner, Jr.** (hereafter "**Turner**"), **Treveon Dominique Anderson** (hereafter "**Anderson**"), **Michael Cornelious** (hereafter "**Cornelious**"), **Xavier Rashad Ross** (hereafter "**Ross**"), and **Vanlisa Scott** (hereafter "**Scott**"), and persons known and unknown to the Grand Jury (respectfully hereafter, "known co-conspirator" and "unknown co-conspirator") discussed and planned with each other the robbery of Tilak Jewelers, located at 8300 North MacArthur Boulevard, Suite 100, Irving, Texas. At all times during the course and scope of the conspiracy, the above-referenced Tilak Jewelers store conducted business in

interstate commerce, and the conspiracy would have, and did, in any way or degree, obstruct, delay, and affect commerce, as contemplated in 18 U.S.C. § 1951. It was further part of the conspiracy that **Jackson, Caldwell, Pearson, Flanagan, Solomon, Aitch, Thompson, Turner, Anderson, Cornelious, Ross, Scott**, and known and unknown co-conspirators formulated a plan and agreement which, among other things, included:

    a. the unlawful acquisition of jewelry;

    b. the selection of the Tilak Jewelers store to be robbed;

    c. the wearing of long-sleeved clothing, long pants, gloves, and unknown items covering their faces, all in order to conceal their identities;

    d. the use of hammers to smash jewelry display cases to obtain jewelry;

    e. the use of firearms to threaten and intimidate the store owners and employees;

    f. the use of flex-ties to restrain the store owners and employees;

    g. the use of stolen vehicles as a means of transportation to and from the robbery;

    h. the role of each participant in the robbery; and

    i. plans to avoid detection and apprehension by law enforcement.

## OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY

To effect the object of the conspiracy, **Jackson, Caldwell, Pearson, Flanagan, Solomon, Aitch, Thompson, Turner, Anderson, Cornelious, Ross, Scott** and two co-conspirators committed overt acts within the NDTX, including, but not limited to, the following:

1. On or about November 17, 2013, **Jackson, Caldwell, Pearson, Flanagan, Solomon, Aitch, Thompson, Turner, Anderson, Cornelious, Ross**, and a known and unknown co-conspirator traveled from Houston, Texas, to the Dallas, Texas, area with the specific intent to rob the Tilak Jewelers store located at 8300 North MacArthur Boulevard, Suite 100, Irving, Texas. As part of the conspiracy, they stole two vans after they arrived in the Dallas, Texas, area in order to facilitate the commission of the robbery and avoid detection and apprehension by law enforcement.

2. On or about November 17, 2013, **Jackson, Caldwell, Pearson, Turner, Anderson, Ross**, and the unknown co-conspirator drove together in a stolen cargo van to the Tilak Jewelers store, located at 8300 North MacArthur Boulevard, Suite 100, Irving, Texas, with the specific intent to commit robbery. They utilized the stolen cargo van to facilitate the commission of the robbery and avoid detection and apprehension by law enforcement.

3. On or about November 17, 2013, **Flanagan, Aitch, Thompson**, and the known co-conspirator positioned themselves somewhere outside the Tilak Jewelers store, but maintained communications with at least one of the robbery participants inside the Tilak Jewelers store via cellular telephone, for the purpose of monitoring the robbery and alerting the participants of the presence of law enforcement.

4. On or about November 17, 2013, **Jackson, Caldwell, Pearson, Turner, Anderson, Ross**, and the unknown co-conspirator disguised their identities prior to entering the Tilak Jewelers store, by wearing long-sleeved clothing, long pants, gloves,

and unknown items covering their faces, in order to facilitate the commission of the robbery and avoid detection and apprehension by law enforcement.

5. On or about November 17, 2013, **Jackson, Caldwell, Pearson, Turner, Anderson, Ross**, and the unknown co-conspirator entered the above-referenced Tilak Jewelers store by smashing the locked glass door with a hammer. After gaining entry into the store, they smashed jewelry display cases and took jewelry from the persons and in the presence of the owners and employees of Tilak Jewelers, in their capacity as the owners and employees, respectively, of Tilak Jewelers, and against their will by means of actual and threatened force, violence, and fear of immediate injury to their persons, that is, by using and brandishing a firearm.

6. On or about November 17, 2013, **Jackson, Caldwell, Pearson, Turner, Anderson, Ross**, and the unknown co-conspirator restrained the owners of the Tilak Jewelers store with flex-ties to further facilitate the robbery.

7. On or about November 17, 2013, **Jackson, Caldwell, Pearson, Turner, Anderson, Ross**, and the unknown co-conspirator fled from the Tilak Jewelers store robbery by utilizing the above-referenced stolen cargo van. They abandoned the stolen cargo van at a predetermined location, where **Larry Solomon** was waiting in a stolen minivan. **Larry Solomon** then utilized the stolen minivan to facilitate their flight from the robbery and avoid detection and apprehension by law enforcement.

8. On or about November 17, 2013, **Solomon** drove **Jackson, Caldwell, Pearson, Turner, Anderson, Ross**, and the unknown co-conspirator to a second predetermined location, where **Michael Cornelious** was waiting in a switch vehicle. **Michael**

**Cornelious** then utilized the switch vehicle to further facilitate their flight from the robbery and avoid detection and apprehension by law enforcement.

9. On or about November 17, 2013, **Scott** traveled from Houston, Texas, to Dallas, Texas, to facilitate the above-referenced robbery of the Tilak Jewelers store located at 8300 North MacArthur Boulevard, Suite 100, Irving, Texas. **Scott** met the above-referenced robbery participants at an unknown location and took possession of the stolen jewelry for the purpose of safely transporting the stolen jewelry to Houston, Texas.

In violation of 18 U.S.C. § 1951(a).

## Count Two
### Using, Carrying, and Brandishing a Firearm During and in Relation to, and Possessing and Brandishing a Firearm in Furtherance of, a Crime of Violence
(Violation of 18 U.S.C. § 924(c)(1)(A)(ii))

On or about November 17, 2013, in the Dallas Division of the Northern District of Texas, **Afraybeom Traverom Jackson, Joshua Deunte Caldwell, Dominique Pearson, Irving Tyrone Flanagan, Larry Solomon, Hilton Murdock Aitch, Terrence Lynn Thompson, Anthony Ray Turner, Jr., Treveon Dominique Anderson, Michael Cornelious, Xavier Rashad Ross**, and **Vanlisa Scott**, the defendants, did knowingly use, carry, and brandish a firearm, to-wit: a handgun, during and in relation to a crime of violence, namely, conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951(a), as alleged in Count One of this indictment, for which the defendants may be prosecuted in a court of the United States, and the defendants did knowingly possess and brandish said firearm in furtherance of the commission of this offense.

In violation of 18 U.S.C. § 924(c)(1)(A)(ii).

Forfeiture Notice
(18 U.S.C. §§ 924(d) and 981(a)(1)(C); 28 U.S.C. § 2461(c))

Upon conviction for the offense alleged in Count One of the indictment and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), **Afraybeom Traverom Jackson, Joshua Deunte Caldwell, Dominique Pearson, Irving Tyrone Flanagan, Larry Solomon, Hilton Murdock Aitch, Terrence Lynn Thompson, Anthony Ray Turner, Jr., Treveon Dominique Anderson, Michael Cornelious, Xavier Rashad Ross**, and **Vanlisa Scott**, the defendants, shall forfeit to the United States of America any property, real or personal, constituting or derived from proceeds traceable to the offense.

Further, upon conviction for either offense alleged in Count One or Two of the indictment and pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), **Afraybeom Traverom Jackson, Joshua Deunte Caldwell, Dominique Pearson, Irving Tyrone Flanagan, Larry Solomon, Hilton Murdock Aitch, Terrence Lynn Thompson, Anthony Ray Turner, Jr., Treveon Dominique Anderson, Michael Cornelious, Xavier Rashad Ross**, and **Vanlisa Scott**, the defendants, shall forfeit to the United States of America all firearms and ammunition involved or used in the commission of the respective offense.

A TRUE BILL:

_____
FOREPERSON

JOHN R. PARKER
UNITED STATES ATTORNEY

_____
KEITH ROBINSON
Assistant United States Attorney
Texas State Bar No. 00788298
1100 Commerce, Third Floor
Dallas, TX 75242
Telephone: 214-659-8600
Facsimile: 214-659-8805
E-mail: keith.robinson2@usdoj.gov

A true bill rendered

_____  *[signature]*
<u>DALLAS</u>                                                                   FOREPERSON

Filed in open court this 2nd day of February, 2016.

_____
                                                                                    Clerk

**Warrant to be Issued**

Irving Tyrone Flanagan, Larry Solomon, Hilton Murdock Aitch, Terrence Lynn Thompson, Anthony Ray Turner, Jr., Treveon Dominique Anderson, Michael Cornelious, Xavier Rashad Ross, Vanlisa Scott

_____  *[signature]*
UNITED STATES MAGISTRATE JUDGE
Criminal Matter Pending
3:14-CR-340-K

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

---

THE UNITED STATES OF AMERICA

v.

AFRAYBEOM TRAVEROM JACKSON (1)
JOSHUA DEUNTE CALDWELL (2)
DOMINIQUE PEARSON (3)
IRVING TYRONE FLANAGAN (4)
LARRY SOLOMON (5)
HILTON MURDOCK AITCH (6)
TERRENCE LYNN THOMPSON (7)
ANTHONY RAY TURNER, JR. (8)
TREVEON DOMINIQUE ANDERSON (9)
MICHAEL CORNELIOUS (10)
XAVIER RASHAD ROSS (11)
VANLISA SCOTT (12)

---

THIRD SUPERSEDING INDICTMENT

18 USC § 1951(a)
Conspiracy to Interfere with Commerce by Robbery

18 USC § 924(c)(1)(A)(iii)
Using, Carrying, and Brandishing a Firearm During and in Relation to, and
Possessing and Brandishing a Firearm in Furtherance of, a Crime of Violence

18 USC §§ 924(d) and 981(a)(1)(C); 28 U.S.C. § 2461(c)
Forfeiture Notice

2 Counts