IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| *Plaintiff* | § | |
| VS. | § | |
| | § | Case No. 3:14-CR-00340-K |
| TREVEON ANDERSON | § | |
| *Defendant* | § | |

## DEFENDANT TREVEON ANDERSON'S MOTION FOR JUDGEMENT OF ACQUITTAL OR, IN THE ALTERNATIVE, MOTION FOR A NEW TRIAL

**TO THE HONORABLE JUDGE KINKEADE:**

TREVEON ANDERSON, through counsel, respectfully moves the Court to enter an order for a judgment of acquittal on all Counts, pursuant to Federal Rule of Criminal Procedure 29 or, in the alternative, for a new trial on all Counts, pursuant to Federal Rule of Criminal Procedure 33 and respectfully moves the Court pursuant to Rule 29(c) to grant judgment of acquittal in this case. In support, Counsel would show that:

## I.
## BACKGROUND

At the close of all of the evidence on October 23, 2018, counsel for Mr. Anderson asked in open court for the Court to address moved to dismiss the indictment on the grounds that the government did not meet its burden of proof, the evidence at trial did not support the guilty verdicts and moved for a

**DEFENDANT TREVEON ANDERSON'S MOTION FOR JUDGEMENT OF ACQUITTAL, or in the alternative, MOTION FOR NEW TRIAL - Page 1**

judgment of acquittal on all counts. The Court denied Mr. Anderson's motion with respect to all counts.

On October 23, 2018, the jury returned a guilty verdict as to all 5 Counts of the Fourth Superseding Indictment.

## II.

Rule 29(c) allows for a defendant to move for judgment of acquittal within 14 days after a guilty verdict:

### Rule 29. Motion for a Judgment of Acquittal

**(c) After Jury Verdict or Discharge.**

**(1) Time for a Motion.** A defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later.

**(2) Ruling on the Motion.** If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal. If the jury has failed to return a verdict, the court may enter a judgment of acquittal.

**(3) No Prior Motion Required.** A defendant is not required to move for a judgment of acquittal before the court submits the case to the jury as a prerequisite for making such a motion after jury discharge.

Today's filing is within the 14 days since that pronouncement and thus is timely filed.

## II.
## ARGUMENT

DEFENDANT TREVEON ANDERSON'S MOTION FOR JUDGEMENT OF ACQUITTAL, or in the alternative, MOTION FOR NEW TRIAL - Page 2

"If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal." Fed. R. Crim. P. 29(c)(2). A guilty verdict may only survive "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by substantial evidence." *United States v. Morris*, 575 Fed. Appx. 174, 176 (4th Cir. 2014) (citation and quotations omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Baylor*, 537 Fed. Appx. 149, 163 (4th Cir. 2013) (citation and quotations omitted). Here, the verdict must be set aside because the verdict is not supported by substantial evidence of Mr. Anderson's guilt beyond a reasonable doubt.

Alternatively, "[u]pon the defendant's motion, the court may vacate [the] judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). While "a court should exercise its discretion to grant a new trial sparingly," it should do so "when the evidence weighs heavily against the verdict." *United States v. Sprouse*, 517 Fed. Appx. 199, 204 (4th Cir. 2013). "When the motion attacks the weight of the evidence, the court's authority is much broader than when it is deciding a motion to acquit on the ground of insufficient evidence." *United States v. Arrington*, 757 F.2d 1484, 1485 (4th Cir. 1985). "[T]he court may consider the credibility of witnesses and need not view the evidence in the light most favorable to the government in

**DEFENDANT TREVEON ANDERSON'S MOTION FOR JUDGEMENT OF ACQUITTAL, or in the alternative, MOTION FOR NEW TRIAL - Page 3**

determining whether to grant a new trial." *United States v. Souder*, 436 Fed. Appx. 280, 289 (4th Cir. 2011) (citation omitted).  Unlike the standard for entering a judgment of acquittal, "the trial court may grant relief if it determines that the evidence—even if legally sufficient to convict—weighs so heavily against the verdict that it would be unjust to enter judgment." *Id*. Thus, in *Souder*, the Fourth Circuit affirmed the district court's grant of a new trial when "the verdict was against the cumulative weight of the evidence[.]" *Id*. at 290 (citation and quotations omitted); *see also United States v. Campbell*, 977 F.2d 854, 860 n.6 (4th Cir. 1992) (same). Assuming *arguendo* that sufficient evidence existed to support Mr. Anderson's conviction, the Court should nonetheless set aside the verdict and grant a new trial because it was against the cumulative weight of the evidence.

I. **THE EVIDENCE IN COUNT 1: GOVERNMENT FAILED TO PROVE BEYOND A REASONABLE DOUBT COUNTS ONE THROUGH FIVE OF THE INDICTMENT.**

Count One charges Mr. Anderson with Conspiracy to Interfere with Commerce by Robbery, in violation of 18 U.S.C. § 1951(a).  The jury instructions set forth three elements that the government must establish beyond a reasonable doubt:

*First*, that the Defendant and least one other person made an

agreement to commit the crime of interference with commerce by

Robbery, as charged in the indictment.

*Second:* that the Defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

*Third:* that one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy. Jury Instructions, p. 11.

Count Two charges Mr. Anderson with Interference with Commerce by Robbery, in violation of 18 U.S.C. § 1951(a).   The jury instructions set forth three elements that the government must establish beyond a reasonable doubt:

*First*, that the Defendant and least one other person made an agreement to commit the crime of interference with commerce by Robbery, as charged in the indictment.

*Second:* that the Defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

*Third:* that one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy. Jury Instructions, p. 13.

Count Three charges Mr. Anderson with Using, or Brandishing a Firearm and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).   The jury instructions set forth two elements that the government must establish beyond a reasonable doubt:

> *First*, that the Defendant committed the alleged in Count Two of the indictment.  I instruct you that Interference with Commerce by Robbery is a crime of violence; and
>
> *Second:* that the Defendant knowingly used, carried, or brandished a firearm during and in relation to the Defendant's commission of the crime charged in Count Two of the indictment.
>
> Jury Instructions, p. 15.

Count Four charges Mr. Anderson with violating Title 18, in violation of 18 U.S.C. § 1201(a)(1).   The jury instructions set forth three elements that the government must establish beyond a reasonable doubt:

> *First*, that the Defendant knowingly acting contrary law, kidnapped, seized or confined A.S., as charged; and
>
> *Second:* that the Defendant held the person for some purpose or benefit; and
>
> *Third:*  That the Defendant used a facility or instrumentality of interstate commerce in furtherance of the commission of the kidnapping.  I instruct you that cellular telephones and motor

**DEFENDANT TREVEON ANDERSON'S MOTION FOR JUDGEMENT OF ACQUITTAL, or in the alternative, MOTION FOR NEW TRIAL - Page 6**

vehicles are facilities and/or instrumentalities. Jury Instructions, p. 17.

Count Five charges Mr. Anderson with violating Title 18, in violation of 18 U.S.C. § 1201(a)(1).   The jury instructions set forth three elements that the government must establish beyond a reasonable doubt:

*First*, that the Defendant knowingly acting contrary law, kidnapped, seized or confined A.S., as charged; and

*Second:* that the Defendant held the person for some purpose or benefit; and

*Third:*  That the Defendant used a facility or instrumentality of interstate commerce in furtherance of the commission of the kidnapping.  I instruct you that cellular telephones and motor vehicles are facilities and/or instrumentalities. Jury Instructions, p. 19.

Therefore, the Court should enter a judgment of acquittal on Counts One, Two, Three, Four and Five.

The government failed to prove the essential conduct elements in Count One, Two and Three. The government failed to prove that Mr. Anderson was involved and made an agreement to commit the robbery.   The only evidence presented by the government with respect to events related to Counts One, Two and Three was cooperating Co-Defendants testimony, telephone business

records and cellular analysis, summary and reports.  The government did not prove beyond a reasonable doubt. Accordingly, there is no evidence to show that Mr. Anderson committed at all that an essential conduct elements of Count One, Two and Three.  Mr. Anderson is requesting that all counts must be dismissed.

The government failed entirely in meeting its burden to establish that Mr. Anderson committed all of the essential conduct related to Count 4 and Count 5 to wit: kidnapping charges.  The government did not have any evidence that showed that Mr. Anderson kidnapped, seized or confined any of the victims.   The government failed to prove that Mr. Anderson took any substantial steps to unlawfully hold, keep, detain or confine the person against that person's will.  As set forth above, the government did not present any evidence regarding the kidnapping charges.   These charges are mere speculation and clearly unfounded.

## II.    THE GOVERNMENT DID NOT PRESENT SUFFICIENT EVIDENCE TO CONVICT MR. ANDERSON OF ANY COUNTS OF THE INDICTMENT

The Court should also enter a judgment of acquittal because, even taken in the light most favorable to the government, there was insufficient evidence at trial to establish beyond a reasonable doubt that Mr. Anderson committed any of the counts alleged in the indictment. To be sure, the government presented co-Defendants who agreed to testify against Mr.

**DEFENDANT TREVEON ANDERSON'S MOTION FOR JUDGEMENT OF ACQUITTAL, or in the alternative, MOTION FOR NEW TRIAL - Page 8**

Anderson for their own benefit in order to receive less time for their crimes committed.   As it pertains to Court 4 and Count 5 of the Indictment, the evidence as to the kidnapping only established that a cellular phone was used. However, there was no evidence that a kidnapping occurred.

Taking all of this together, the weight of the evidence cannot support Mr. Anderson's conviction. Justice plainly requires the Court to vacate the verdict and order a new trial on each count.

## CONCLUSION

For the foregoing reasons, Mr. Anderson respectfully requests the Court grant his Motion and enter a judgment of acquittal on all counts. In the alternative, Mr. Anderson requests the Court order a new trial on all counts.

Respectfully submitted,

S/ electronically

_____

E.X. Martin
Attorney for Defendant
State Bar # 13114500
8828 Greenville Ave
Dallas, Texas 75243
(214) 343-7400 - Voice

**DEFENDANT TREVEON ANDERSON'S MOTION FOR JUDGEMENT OF ACQUITTAL, or in the alternative, MOTION FOR NEW TRIAL - Page 9**

Carolyn A. Hill
Attorney for Defendant
State Bar # 24010050
4144 N. Central Expy, Suite
1200
Dallas, Texas 75202
(214) 418-3867 - Voice
(877) 427-1235 – Fax

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Motion on this the 7th day of November, 2018, delivered to Mr. Walt Junker, Assistant United States Attorney via electronic means utilizing the Electronic Case Filing System.

Carolyn A. Hill

**DEFENDANT TREVEON ANDERSON'S MOTION FOR JUDGEMENT OF ACQUITTAL, or in the alternative, MOTION FOR NEW TRIAL - Page 10**